UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROOSEVELT VANN JR.,

                Plaintiff,

v.

PERSICO *aka* PCT CONTRACTING; RIGGS & DISTLER; INTERNATIONAL LOCAL UNION #60; MIKE BASILONE; CARLOS ALPHONSO; JAY SERGOSA,

                Defendants.

No. 20-CV-628 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se Action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that his employer and union discriminated against him based on his race. By Order dated February 5, 2020, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"). (Dkt. No. 3.) By Order dated February 24, 2020, the Court directed the U.S. Marshals to effect service on Defendants and listed addresses for all Defendants except International Local Union #60. (*See* Order of Service (Dkt. No. 6).) The Court now amends the first Order of Service to add an address for Defendant International Local Union #60.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and Complaint until the Court reviewed the Complaint and ordered that a summons be issued. The Court therefore extends the time to serve Defendant International Local Union #60 until 90 days after the date the summons as to it is issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant International Local Union #60 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for it. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon International Local Union #60.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff. The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant International Local Union #60 and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: February 26, 2020
       White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.  International Local Union #60
    140 Broadway
    Hawthorne, NY 10532