UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROOSEVELT VANN, JR.,

                              Plaintiff,

        -v-                                                    No. 20-CV-628 (KMK)

PERSICO, *et al.*,                                             OPINION & ORDER

                              Defendants.

Appearances:

Roosevelt Vann, Jr.
Yonkers, NY
*Pro Se Plaintiff*

Michael Lauricella, Esq.
Archer & Greiner, P.C.
Hackensack, NJ
*Counsel for Defendant Riggs Distler & Company, Inc.*

Steven H Kern, Esq.
Barnes, Iaccarino, & Shepherd, LLP
Elmsford, NY
*Counsel for Defendants Laborers International Union of North America, Laborers Local 60 and Jacinto "Jay" Fragoso*

KENNETH M. KARAS, District Judge:

        Pro se Plaintiff Roosevelt Vann, Jr. ("Plaintiff") brings this Action against Persico, also

known as PCT Contracting ("Persico"), Riggs Distler & Company, Inc. ("Riggs"), Laborers

International Union of North America, Laborers Local 60 ("Local 60"), Mike Basilone

("Basilone"), Carlos Alphonso ("Alphonso"), and Jacinto "Jay" Fragoso ("Fragoso"; together

with Local 60, "Union Defendants"; together with Local 60 and Riggs, "Moving Defendants");

collectively, "Defendants").  (Compl. (Dkt. No. 2).)[1]  Plaintiff alleges job discrimination in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*,

and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*  (*Id.*)

Before the Court are Union Defendants' Motion To Dismiss (the "Union Motion"), (Not. of Mot.

("Union Mot.") (Dkt. No. 17)), and Riggs's Motion To Dismiss (the "Riggs Motion";

collectively the "Motions"), (Not. of Mot. ("Riggs Mot.") (Dkt. No. 33)).  For the reasons that

follow, the Motions are granted in part and denied in part.

## I.  Background

### A.  Factual Background

The following facts are taken from Plaintiff's Complaint and its exhibits, (Compl.), as

well as Plaintiff's letter opposing the Union Motion ("Plaintiff's Letter"), (Letter from Plaintiff

to Court (Sep. 9, 2020) ("Pl.'s Letter") (Dkt. No. 19)).[2]  They are assumed true for purposes of

adjudicating the instant Motions.

---

[1]  While the Complaint names Riggs & Distler, (Compl.), Riggs states that its name is really Riggs Distler & Company, Inc.  (Mem. of Law of Riggs in Supp. of Riggs Mot. ("Riggs's Mem.") 2 (Dkt. No. 33-2).)  Similarly, while the Complaint names International Local Union #60, (Compl.), a document attached to the Complaint states that its correct legal name is Laborers International Union of North America, Laborers Local 60, (*id.* at 66).  Finally, while the Complaint names Jay Sergosa, the Union Defendants indicate that this defendant's name is really Jacinto "Jay" Fragoso.  (Mem. of Law of Union Defs. In Supp. of Union Mot. ("Union Defs.' Mem.") 1 (Dkt. No. 17-4).)  This Opinion & Order uses the accurate names.  The Clerk of the Court is respectfully directed to update the docket on ECF to reflect the accurate names.

[2]  The Court ordered that it would "consider [Plaintiff's] [L]etter [to be] Plaintiff's Opposition to [Union] Defendants' Motion To Dismiss."  (Dkt. No. 20.)  "[T]he mandate to read the papers of pro se litigants generously makes it appropriate to consider [P]laintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 (S.D.N.Y. Nov. 17, 1997) (citing *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir.1987)).

Plaintiff is a black man who was employed as a flagger by Persico from April or May 2010 through at least March 2017.  (Compl. 8, 10, 12, 46.)[3]  He worked on gas mains and providing gas services to homes.  (Pl.'s Letter 1.)[4]  Plaintiff was an excellent worker who has not missed a day, reported late, or been disciplined over the course of his tenure.  (Compl. 5, 11, 12.)  Despite his record, Plaintiff's supervisors Basilone and Alphonso "refused to put [Plaintiff] into [Local] 60" during his employment, (*id*. at 11), including after Plaintiff asked to join in 2011, (Pl.'s Letter 1; Compl. 12.  As a result, Plaintiff was denied union membership and benefits, including healthcare costs and a retirement annuity.  (Compl. 5.)  Plaintiff alleges that this denial was due to his race.  (*Id*. at 25.)  Unlike Plaintiff, everyone else who worked as a flagger was covered by Local 60, (*id*. at 11, 47), including employees trained by Plaintiff, (*id*. at 12).  In December 2016, Riggs purchased Persico.  (*Id*. at 12.)  In March 2017, Plaintiff received a letter instructing him to return to work.  (Pl.'s Letter 1.)  At this time, Defendants "still . . . refused to put [Plaintiff] into [Local 60]," "for no apparent reason," even though he had "been requesting to become a part of [it] for years."  (*Id*. at 1, 2.)  Plaintiff in 2017 filed two complaints with the New York State Division of Human Rights ("NYSDHR"), which are discussed in detail below.  (*See* Compl. 21, 38.)  After filing these complaints, Plaintiff was finally allowed to join Local 60 "to shut [him] up," and because "they knew that the jig was up and . . . they were going to have to pay back everything that [Plaintiff] lost."  (*Id*. at 56; Pl.'s Letter 3.)  However, Plaintiff alleges that he "was fired less than 90 days after [he] received union [membership] from filing a case with human rights."  (Compl. 5.)  Plaintiff seeks 6.5 years of "back pay union wages, healthcare,

---

[3] Because it lacks consistent native page numbers, the Court refers to the ECF-generated page numbers in the upper right-hand corner of the Complaint.

[4] Because it lacks native page numbers, the Court refers to the ECF-generated page numbers in the upper right-hand corner of Plaintiff's Letter.

annuity[,] and retirement."  (*Id.* at 2; *see also id.* at 6, 17, 57.)  He also requests "vacation pay," (*id.* at 12, 17), and "sick days," (*id.* at 16, 17).

Plaintiff filed his first complaint with NYSDHR on June 22, 2017, (*id.* at 21), alleging discrimination on the basis of race, (*id.* at 25).  This complaint named Persico, Riggs, Basilone, and Alphonso.  (*Id.* at 8.)  It alleged that Basilone and Alphonso refused to put Plaintiff in Local 60, (*id.* at 11), and that Basilone in 2011 rejected Plaintiff's request to join Local 60, and threatened to fire him if he did, (*id.* at 12).  Plaintiff did not make further inquiries because he was "afraid that [he] would be fired."  (*Id.* at 18.)  Plaintiff's complaint further alleged that the union representative at Riggs would not speak with Plaintiff or put him into Local 60," (*id.* at 11), and told him that "they don't [allow] flaggers into [Local 60], (*id.* at 17).  The complaint alleged that this was untrue, because "many other . . . flaggers . . . [were] in [Local 60]."  (*Id.* at 18.)  Finally, it alleged that Basilone told Fragoso that Plaintiff was "lucky even to have a job." (*Id.* at 11.)

Shortly after filing his complaint, Plaintiff received a notice from the U.S. Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 31.)  This notice stated that Plaintiff, if he wished to pursue a case in federal court rather than before NYSDHR, "may request from the EEOC a Notice of Right to Sue, 180 days after [Plaintiff] filed [his] complaint."  (*Id.*)  EEOC informed Plaintiff that, once granted, his Notice of Right to Sue would be "only valid for ninety (90) days from the date the Notice was issued, after which [Plaintiff's] time to sue [would] expire[]."  (*Id.*)  The notice further stated that Plaintiff could request that EEOC "conduct a substantial weight review" of NYSDHR's findings, if he made a request "in writing to the EEOC and within fifteen (15) days from the date [Plaintiff] received the [NYSDHR] final determination."  (*Id.* at 32 (emphasis omitted).)

4

NYSDHR dismissed this complaint on September 27, 2017. (*Id*. at 15, 13.) After investigating, (*see id*. at 19, 34, 35, 37, 52), it found "no probable cause to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of," (*id*. at 15). NYSDHR's determination referenced the following findings: (1) that "union membership remained the sole jurisdiction of [Local 60]," and that the respondents "never received any information request from the union regarding [Plaintiff's] work quality and performance"; and (2) notwithstanding "one additional [b]lack employee" who was denied Local 60 membership, "an additional four (4) employees who are [b]lack . . . were members of [Local 60]," and "one [w]hite employee . . . was also denied the opportunity to be a member of [Local 60]." (*Id*. at 15, 13.) Plaintiff was informed that he had "the right to request a review by EEOC of this action" and that, in the absence of appeal, "EEOC [would] generally adopt [NYSDHR's] action in [Plaintiff's] case." (*Id*. at 13.) On October 11, 2017, Plaintiff wrote to the EEOC asking it to review his complaint. (*Id*. at 56–57.) Plaintiff claims that NYSDHR's investigator did not take his advice to speak with some of his foremen and to ask Con Ed if his employer was being paid union rates. (Pl.'s Letter 2.) He further claims that the NYSDHR investigator "had a hearing without ever notifying [Plaintiff]." (*Id*. at 3.)

Plaintiff filed his second complaint with NYSDHR on July 21, 2017, (Compl. 38), alleging discrimination based on race, (*id*. at 45). This complaint named Local 60 and Fragoso. (*Id*. at 44.) It alleged that Fragoso told Plaintiff that Local 60 did not include flaggers, which was untrue. (*Id*. at 47.) It further alleged that Fragoso told another construction company, Hawkeye, not to hire Plaintiff, including by "slandering [Plaintiff's] name." (*Id*.) Plaintiff received a similar notice from the EEOC regarding how he could pursue a lawsuit in federal court. (*Id*. at 54.) The Complaint includes as an exhibit a letter, dated October 16, 2017, in

which "Local 60 denie[d] that it refused to allow [Plaintiff] to join" and "Fragoso denie[d] that

he instructed Hawkeye not to hire [Plaintiff]."  (*Id*. at 63–64.)  On October 20, 2017, NYSDHR

offered Plaintiff the opportunity to "submit a written response."  (*Id*. at 65.)  The Complaint

contains no indication of whether or how Plaintiff responded, or of NYSDHR's final decision.

(*See generally id*.)[5]

B.  Procedural Background

Plaintiff filed the instant Complaint on January 21, 2020.  (Compl.)  On the same date,

Plaintiff submitted a Request To Proceed In Forma Pauperis ("IFP").  (Dkt. No. 1.)  The Court

granted Plaintiff's IFP application on February 5, 2020.  (Dkt. No. 3.)  The Court ordered that

Defendants be served.  (Dkt. Nos. 6, 8.)  Fragoso, Local 60, and Riggs were served, (*see* Dkt.

Nos. 23, 24, 27), and counsel appeared on their behalf, (Dkt. Nos. 11, 25).[6]  Persico and Basilone

were not successfully served.  (*See* Dkt. Nos. 29, 30.)

On June 18, 2020, Union Defendants submitted a pre-motion letter requesting that

Plaintiff be directed to produce all documentation regarding the termination of NYSDHR and

EEOC proceedings, and that the Court schedule a subsequent pre-motion conference, and require

Plaintiff to submit a more definite statement of his claims pursuant to Rule 12(e).  (Dkt. No. 15.)

On July 29, 2020, the Court ordered a briefing schedule for the Union Motion.  (Dkt. No. 16.)

---

[5] Union Defendants have submitted NYSDHR's determination dismissing Plaintiff's second complaint.  (Decl. of Steven H. Kern ("Kern Decl.") Ex. B ("Union Defs. Decision") (Dkt. No. 17-3).)  This document is immaterial to this Opinion & Order, and Union Defendants make no argument why the Court should consider it at the pleadings stage.

[6] Alphonso was also served, but has not appeared, filed an answer, or otherwise responded.  (*See* Dkt. No. 28.)  Plaintiff may consider seeking a default judgment against Alphonso.  *See Lopes v. Westchester County*, No. 18-CV-8205, 2020 WL 1445729, at *1 n.1 (S.D.N.Y. Mar. 25, 2020) (instructing the plaintiff to consider seeking a default judgment against a defendant who had been served but failed to appear); *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 332 (S.D.N.Y. Sept. 9, 2014) (same).

Union Defendants filed their Motion on August 29, 2020.  (Union Mot.; Union Defs.' Mem.;
Kern Decl. (Dkt. No. 17-1).)  On September 14, 2020, the Court received a letter from Plaintiff,
dated September 9, 2020.  (Pl.'s Letter.)  The Court stated that it would consider this letter to be
Plaintiff's opposition to the Union Motion, and ordered Plaintiff to file any further opposition
papers by September 29, 2020.  (Dkt. No. 20.)  Union Defendants replied on October 11, 2020.
(Dkt. No. 21.)

On November 20, 2020, Riggs filed a letter requesting a pre-motion conference on a
proposed motion to dismiss.  (Dkt. No. 26.)  On December 3, 2020, the Court ordered a briefing
schedule for the Riggs Motion.  (Dkt. No. 31.)  Riggs submitted its Motion on January 7, 2021.
(Riggs Mot.; Riggs's Mem.; Decl. of Michael J. Lauricella, Esq. (Dkt. No. 33-1).)  Plaintiff has
not opposed the Riggs Motion or otherwise communicated with the Court.  His opposition was
due on February 9, 2021.  (Dkt. No. 31.)  Thus, the Court deems the Riggs Motion fully
submitted and ripe for adjudication.

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual
allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure
"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it
tenders naked assertions devoid of further factual enhancement."  *Id.* (alteration and quotation

marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to

relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims

across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also*

*Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.  But where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (brackets in original)

(quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure

from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions.").

In considering Moving Defendants' Motion To Dismiss, the Court is required to "accept

as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same).

And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M*

*Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l*

*PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Where, as here, a plaintiff proceeds pro se, the Court

must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that

[it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation

omitted).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se

8

party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted).  However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

B.  Application

Union Defendants argue that Plaintiff did not exhaust his administrative remedies, (Union Defs.' Mem. 4–8), that Plaintiff did not state a claim for breach of the duty of fair representation, (*id*. at 8), and that the Court should decline to exercise supplemental jurisdiction, (*id*. at 9). Riggs argues that Plaintiff did not exhaust his administrative remedies, (Riggs's Mem. 4), that

Plaintiff's EEOC complaint is untimely, (*id*.), that Plaintiff fails to state a claim against Riggs, (*id*. at 4–5), and that the Court should decline to exercise supplemental jurisdiction, (*id*. at 5–6).

### 1.  Exhaustion

The Union Defendants and Riggs argue that the Complaint should be dismissed due to Plaintiff's failure to exhaust his administrative remedies.  (Union Defs.' Mem. 4–8, Riggs's Mem. 4.)  At this early stage, the Court disagrees.

"A plaintiff may bring an employment discrimination action under Title VII . . . only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'"  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82–83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)).  In addition, "a claim under [Title VII] must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC."  *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011).  "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quotation marks omitted).  However, the Second Circuit has "repeatedly held that [while] the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, [it is not] a jurisdictional requirement."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted).  Rather than being an element of a Title VII claim, failure to exhaust "operates as an affirmative defense," and "the burden of pleading and proving Title VII exhaustion lies with defendants."  *Id*. at 491.  Courts therefore generally deny motions to dismiss for failure to exhaust unless the failure "is clear from the face of the complaint."  *Arnold v. Research Found. for State Univ. of N.Y.*, 216 F. Supp. 3d 275, 287 (E.D.N.Y. 2016).

Here, Plaintiff submitted two complaints filed with NYSDHR, one naming Riggs, (*see* Compl. 8), and the other naming the Union Defendants, (*see id*. at 44).  The complaint naming Riggs alleged that Plaintiff's supervisors refused to put him in Local 60, (*id*. at 11), that Riggs was acquired by Persico in December 2016, (*id*. at 12), and that the most recent discrimination occurred in March 2017, (*id*. at 8).  The complaint naming the Union Defendants alleged that Fragoso, acting as a delegate for Local 60, refused to allow Plaintiff to join and told Hawkeye not to hire Plaintiff.  (*Id*. at 47.)  Thus, for these claims, the Complaint sufficiently alleges that Plaintiff filed a charge with the state agency with authority to grant relief from employment discrimination.

Plaintiff submitted NYSDHR's Determination and Order after Investigation, which dismissed his complaint naming Riggs, (*id*. at 15, 13), and Union Defendants have submitted a similar Determination regarding Plaintiff's complaint against them, (Union Defs. Decision). Crucially, however, Plaintiff did not submit a right-to-sue letter, and the Complaint claims neither that he received such a letter nor the date on which he received such a letter.  (*See generally* Compl.)  Because the Complaint does not contain these materials, "it is impossible to decide the issue" of whether Moving Defendants have an affirmative defense of failure to exhaust at this time.  *Tatas v. Ali Baba's Terrace, Inc*., No. 19-CV-10595, 2020 WL 2061539, at *5 (S.D.N.Y. Apr. 29, 2020).  Further, Moving Defendants do not provide right-to-sue letters, instead only noting the absence of such letters.  (*See* Union Defs.' Mem. 7; Riggs's Mem. 4.) Thus, the Court has no basis in the submissions to conclude that Plaintiff failed to receive a right-to-sue letter, or that he filed suit only after the 90-day window to sue had passed, and it cannot dismiss the Complaint at this stage.  *See Tatas*, 2020 WL 2061539, at *4–5; *see also Naghibolhosseini v. Haralick*, No. 19-CV-5348, 2020 WL 5701824, at *3 (S.D.N.Y. Sept. 24,

2020) (dismissing a complaint that stated that the plaintiff had not received a right-to-sue letter), *appeal dismissed*, No. 20-3470 (2d Cir. Dec. 11, 2020); *Collier v. Local Union Plumber No. 1*, No. 18-CV-7992, 2019 WL 1755385, at *3 (S.D.N.Y. Apr. 18, 2019) (dismissing where the plaintiff sued "years beyond the ninety-day time limit" of the right-to-sue letter attached to the complaint).[7]

The Court is also unpersuaded by Union Defendants' argument that it is "not plausible" that Plaintiff received a right-to-sue letter and acted within 90 days, because "EEOC would have had to have failed to act on dismissal of [Plaintiff's] charge for over two years after DHR's dismissal." (Union Defs.' Mem. 6.)  A number of factors could explain such a delay—including slow agency action or slow mail delivery—and the Court will not at this stage infer that they did not.  *Cf. Kelleher v. Fred A. Cook, Inc*., No. 17-CV-5424, 2018 WL 3611965, at *3 (S.D.N.Y. July 26, 2018) (rejecting exhaustion argument at the motion to dismiss stage where the plaintiff's right-to-sue letter was dated August 10, 2016, but the plaintiff alleged that he did not receive it until May 4, 2017), *vacated and remanded on different grounds*, 939 F.3d 465 (2d Cir. 2019).

Therefore, to the extent they are based on exhaustion grounds, Moving Defendants' Motions are denied "without prejudice to refiling a motion for summary judgment on Plaintiff's failure to exhaust administrative remedies after the Parties have conducted limited discovery."

---

[7] Several courts, including this Court, have dismissed complaints in analogous circumstances, typically with leave to re-plead.  *See, e.g.*, *Hamza v. Yandik*, No. 19-CV-447, 2020 WL 2092487, at *10 (N.D.N.Y. May 1, 2020); *Johnson v. Frida's Bakery Inc.*, No. 19-CV-1613, 2020 WL 1904061, at *4 (N.D.N.Y. Apr. 17, 2020); *Cullen v. Citibank, N.A.*, No. 08-CV-10317, 2010 WL 11712913, at *4 (S.D.N.Y. Sept. 30, 2010); *see also Muth v. Kiefer*, No. 19-CV-413, 2019 WL 1596987, at *3 (N.D.N.Y. Apr. 15, 2019) (not granting leave to re-plead), *report and recommendation adopted*, 2019 WL 2082259 (N.D.N.Y. May 13, 2019).  Particularly in light of the Second Circuit's 2018 opinion in *Hardaway*, 879 F.3d 486, the Court declines to follow this approach.

*Shaw v. Ortiz*, No. 15-CV-8964, 2016 WL 7410722, at \*5 (S.D.N.Y. Dec. 21, 2016).  The Court notes that such discovery "will cause [Moving] [D]efendants little prejudice," because it will require only "a limited investigation into the circumstances surrounding" the disposition of Plaintiff's NYSDHR complaints, and any subsequent right-to-sue letters.  *Tatas*, 2020 WL 2061539, at \*5.  Plaintiff will have an opportunity to amend his Complaint if he wishes to allege facts suggesting that he did not need to exhaust the administrative process—including that "filing a charge would [have been] futile because the administrative agency had previously taken a firm stand against [Plaintiff's] position," and that Defendants "attempt[ed] to prevent [Plaintiff] from filing an administrative complaint, such as by concealing the facts underlying a cause of action, or by falsely promising the party's imminent reinstatement."  *Tillman v. Luray's Travel*, 137 F. Supp. 3d 315, 326–27 (E.D.N.Y. 2015) (quotation marks omitted).

### 2.  Claims Against Riggs

Riggs argues that Plaintiff fails to allege the elements of an employment discrimination claim under Title VII.  (Riggs's Mem. 5.)  The Court agrees in part.  To plead employment discrimination under Title VII, Plaintiff must allege that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination."  *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).  The Court considers only the fourth element.

Riggs argues that Plaintiff does not allege that "race or color had anything to do with any decisions towards him."  (Riggs's Mem. 5.)  The Court agrees.  Plaintiff alleges that he was barred from joining Local 60 due to his race.  (Compl. 25.)  This bare allegation does not suffice to state a claim of race discrimination under Title VII.  *See Moore v. City of New York*, No. 15-

CV-6600, 2017 WL 35450, at *12 (S.D.N.Y. Jan. 3, 2017) ("Beyond merely identifying himself

as an African American male . . . [the plaintiff] proffers no other facts to support his claim that

[the] [d]efendants took action against him because of his membership in a protected class."),

*adopted by* 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017); *see also Williams v. Addie Mae Collins*

*Cmty. Serv*., No. 11-CV-2256, 2012 WL 4471544, at *4 (S.D.N.Y. Sept. 27, 2012) ("Because

[the plaintiff's] complaint and pleadings do not demonstrate any facially plausible nexus between

her protected characteristics and [the defendant's adverse act], her claims of discrimination based

on age and race must be dismissed."); *Doverspike v. Int'l Ordinance Techs*., 817 F. Supp. 2d

141, 148 (W.D.N.Y. 2010) (dismissing employment discrimination claims where "although [the

plaintiff] alleges she is a Native American holding Native American spiritual beliefs, . . . [she]

fails to allege any facts that could plausibly be construed as establishing [that adverse action

against her] was based on her membership in any of the protected classes"), *aff'd*, 445 F. App'x

399 (2d Cir. 2011).  Indeed, rather than allege racial animus, Plaintiff claims that Fragoso

reported that he was excluded from Local 60 "for no apparent reason."  (Pl.'s Letter 2.)  Further,

Plaintiff does not allege any facts that suggest racial animus.  For example, Plaintiff alleges that

Basilone told him he was lucky to have a job.  (Compl. 11.)  But Plaintiff does not connect this

statement to race in any way, (*id*.), and, in any case, "[s]uch stray remarks, . . . even if made by a

decisionmaker, without more, cannot get a discrimination suit to a jury."  *Lebowitz v. N.Y.C.*

*Dep't of Educ*., 407 F. Supp. 3d 158, 176 (E.D.N.Y. 2017) (citation and quotation marks

omitted).  Plaintiff also alleges that he was "an excellent worker," (Compl. 5), and that many

other flaggers were permitted to join Local 60, (*see, e.g.*, *id*. at 11, 12, 18).  However, again,

Plaintiff does not connect these claims to race in any way and, even if he did, without more,

"statistics . . . cannot, standing alone, push [Plaintiff's] claim from conceivable to plausible."

*Hussey v. N.Y. State Dep't of Law/Office of Att'y Gen.*, 933 F. Supp. 2d 399, 409 (E.D.N.Y. 2013).[8]

While Riggs does not brief the issue, the Court concludes that Plaintiff has alleged unlawful retaliation.  To state a claim for unlawful retaliation under Title VII, a plaintiff must allege that "(1) []he engaged in a protected activity; (2) [his] employer was aware of this activity; (3) the employer took adverse employment action against [him]; and (4) a causal connection exists between the alleged adverse action and the protected activity."  *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (citation omitted).  Title VII's anti-retaliation provision prohibits an employer from "discriminat[ing] against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).  In other words, "Title VII forbids an employer to retaliate against an employee for . . . complaining of employment discrimination prohibited by Title VII."  *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006).  Thus, "for a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (citation omitted).  "A plaintiff's burden at this prima facie stage is de minimis."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (italics omitted).  Here, Plaintiff alleges that he "was fired less than 90 days after [he] received union [membership] from filing a case with human rights."  (Compl. 5.)  The Complaint also alleges that Plaintiff did not make further inquiries about joining Local 60 after being rejected in 2011 because he was "afraid

---

[8] The Court at this stage has no reason to consider whether Plaintiff sufficiently alleged that Union Defendants discriminated based on race.

that [he] would be fired." (*Id*. at 18.)  Discharge is an adverse employment action. *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999), *abrogated on other grounds by Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012).  Thus, the Court concludes that Plaintiff has adequately alleged that he was fired because he filed his complaint with NYSDHR.

None of Riggs's other arguments undermines Plaintiff's retaliation claim.  Its arguments that Plaintiff's claims are against Persico and not Riggs, (Riggs's Mem. 4–5), and that Riggs had no ability to bar Plaintiff from Local 60, (*id.* at 5), apply only to Plaintiff's claims about being barred from Local 60.  Riggs's statute of limitations argument, (*id.* at 4), likewise does not apply. "An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act." *Petrosino v. Bell Atl.*, 385 F.3d 210, 219 (2d Cir. 2004); *see also* 42 U.S.C. § 2000e-5(e). "Because the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (alteration and citation omitted).  Here, the Complaint does not allege that Plaintiff filed an administrative complaint regarding retaliation.  (*See generally* Compl.)  Thus, the Court cannot at this early stage dismiss Plaintiff's retaliation claim on statute of limitations grounds.  And because failure to exhaust administrative remedies is an affirmative defense, *Hardaway*, 879 F.3d at 491, it likewise cannot dismiss Plaintiff's retaliation claim on exhaustion grounds. Limited discovery may include whether and under what conditions Plaintiff filed or did not file an administrative complaint regarding Riggs's alleged retaliation.

### 3.  Claims Against Union Defendants

Union Defendants argue that the Complaint does not make out a claim for breach of their duty of fair representation.  (Union Defs.' Mem. 8.)  The Court agrees.  A duty of fair representation claim arises where "a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."  *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  This claim is "governed by a six-month statute of limitations," which "accrues no later than the time when plaintiffs knew or reasonably should have known that such a breach of the duty of fair representation had occurred."  *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995) (citation and alterations omitted).  Here, Plaintiff alleges that he joined Local 60 by October 2017, (Compl. 56–57), resolving Plaintiff's concern that he was wrongfully denied access, (*id*. at 47).  Plaintiff's claim that Fragoso told Hawkeye not to hire him, (*id*.), concerns actions in or before July 2017, (*id*. at 38).  The instant Complaint was filed on January 21, 2020. (Compl.)  Thus, any duty of fair representation claim alleged in the Complaint is time-barred.

### 4.  Supplemental Jurisdiction

Because Plaintiff's Title VII claims and his state law claims of employment discrimination "derive from a common nucleus of operative fact," supplemental jurisdiction over the state law claims remains proper.  *Hardaway*, 879 F.3d at 491–92.  This finding is made without prejudice to Moving Defendants' ability to make the same argument in a possible summary judgment motion.

### C.  Rule 12(e) Motion

Union Defendants in the alternative seek an order under Rule 12(e) for a more definite statement of the complaint.  (Union Mot.)  This motion is denied.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Second Circuit has held that a Rule 12(e) motion "is an appropriate mechanism to balance the Circuit's direction regarding the liberal reading of pro se pleadings and the needs of a respondent to address the merits of a claim." *Martinez v. O'Connell*, No. 06-CV-887, 2007 WL 189335, at *1 (N.D.N.Y. Jan. 22, 2007) (italics omitted). While Rule 12(e) motions are typically not granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it," courts have granted such motions "when pro se complaints were too convoluted, lengthy, or otherwise too difficult to comprehend." *Phipps v. City of New York*, No. 17-CV-6603, 2019 WL 4274210, at *3–4 (S.D.N.Y. Sept. 10, 2019) (citation and italics omitted) (granting a Rule 12(e) motion where the complaint totaled "467 pages and 1,689 paragraphs, in addition to 29 exhibits"). The key question is whether the Complaint "provide[s] a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure." *Riccio v. Gent Unif. Rental Corp.*, No. 06-CV-708, 2006 WL 3499219, at *1 (E.D.N.Y. Dec. 2, 2006). Here, "[a]lthough Plaintiff attaches a number of lengthy exhibits . . . , Plaintiff's primary pleading is contained on a [seven]-page form made available by the Court for pro se plaintiffs." *Davis v. Goodwill Indus. of Greater N.Y. & N.J., Inc*., No. 15-CV-7710, 2017 WL 1194686, at *14 n.14 (S.D.N.Y. Mar. 30, 2017) (italics omitted). (*See* Compl.) "Other litigants . . . have not had trouble responding to such a form." *Davis*, 2017 WL 1194686, at *14 n.14 (citing *Pollard v. N.Y.C. Health & Hosp. Corp*., No. 13-CV-4759, 2016 WL 5108127 (S.D.N.Y. Sept. 21, 2016)). Thus, Union Defendants' Rule 12(e) motion is denied.

### III.  Conclusion

For the foregoing reasons, Moving Defendants' Motions are granted in part and denied in part.  The Riggs Motion is granted insofar as it seeks to dismiss Plaintiff's Title VII claim of race discrimination, and denied insofar as it seeks to dismiss Plaintiff's Title VII retaliation claim. The Union Motion is granted insofar as it seeks to dismiss Plaintiff's claim for breach of their duty of fair representation, and denied insofar as it seeks to dismiss Plaintiff's Title VII claim of race discrimination.

Because this is the first adjudication of Plaintiff's claims, the dismissed portions of the Complaint are dismissed without prejudice.  If Plaintiff wishes to submit an amended complaint addressing the deficiencies identified herein and alleging new facts related to his exhaustion of administrative remedies, he must do so within 30 days of this Opinion & Order.  The new amended complaint will replace, not supplement, the complaint currently before the Court.  It therefore must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider.

To the extent the Motions are denied, they are denied without prejudice to refiling a motion for summary judgment on Plaintiff's failure to exhaust administrative remedies after the Parties have conducted limited discovery.  Following Plaintiff's possible submission of an amended complaint, the Parties will conduct limited discovery that must focus on (1) the disposition of Plaintiff's NYSDHR complaints, and any subsequent right-to-sue letters; (2) whether and under what conditions Plaintiff filed or did not file an administrative complaint regarding Riggs's alleged retaliation; and (3) any claims in Plaintiff's amended complaint that would excuse a failure to exhaust administrative remedies.  The Court will hold a telephonic

conference on May 18, 2021 at 10:00 A.M. to set a discovery schedule.  The Parties shall call the

following number:

- <u>Meeting Dial-In Number</u> (USA toll-free): (888) 363-4749

- <u>Access Code</u>: 7702195

Plaintiff must serve or request an extension of time to serve Persico and Basilone, or his

claims against Persico and Basilone will be dismissed.

The Clerk of the Court is respectfully requested to terminate the pending Motions, (Dkt.

Nos. 17, 33), update the docket as indicated in footnote 1 of page 2 of this Opinion & Order, and

mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:      March 30, 2021
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE