UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROOSEVELT VANN JR.,

                    Plaintiff,             **DECISION AND ORDER**

        -against-                        20 Civ. 628 (AEK)

PCT CONTRACTING, LLC, RIGGS
DISTLER & COMPANY, INC., LABORERS
INTERNATIONAL UNION OF NORTH
AMERICA, LABORERS LOCAL 60,
RICHARD PERSICO, CARLOS AFONSO,
MICHAEL BASILONE, and JACINTO "JAY"
FRAGOSO,

                    Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff commenced this action on January 21, 2020, ECF No. 2, and filed amended complaints on June 3, 2021, ECF No. 49, and July 12, 2021, ECF No. 58 (Second Amended Complaint ("SAC")).  The SAC asserts claims against certain Defendants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the failure to pay regular wages and overtime wages and the failure to provide wage notices.  SAC ¶¶ 199-211.  Plaintiff also brought claims for discrimination and retaliation based on race pursuant to 42 U.S.C. 1981, Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law, as well a third-party beneficiary claim for the failure to pay prevailing wages and based on certain contracts with non-parties.  *Id.* ¶¶ 152-198.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 137.

On December 31, 2024, the parties submitted their application for approval of their proposed settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 252 ("*Cheeks* Motion").[2] By order dated January 30, 2025, the Court instructed the parties to file additional documents to support their motion, ECF No. 256, which they did on February 11, 2024, ECF No. 257. Plaintiff's counsel aldo filed additional supporting materials on March 27, 2025. ECF No. 259. For the reasons that follow, the Court APPROVES the proposed settlement agreement.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and

---

[2] The version of the proposed settlement agreement—including the proposed stipulation of dismissal with prejudice (Exhibit A to the proposed settlement agreement) and the affidavit for confession of judgment (Exhibit B to the proposed settlement agreement)—that was filed on December 31, 2024 suffered from various issues. *See* ECF No. 252 at 1. The complete and operative copy of the proposed settlement agreement, including both exhibits, was filed on January 9, 2025. ECF No. 254 ("Proposed Settlement Agreement"); *see* ECF No. 255 (letter from Plaintiff's counsel explaining the new filing).

expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36).  In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted).  "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, having presided over numerous proceedings in this litigation, and having considered the totality of the circumstances, the Court finds that the Proposed Settlement Agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the Proposed Settlement Agreement provides for a total settlement payment of $399,000, with $254,987.44 payable to Plaintiff and $144,012.56 payable to Plaintiff's counsel as attorneys' fees and costs.  *Cheeks* Motion at 2, 7; Proposed Settlement Agreement ¶ 7.  Plaintiff's alleged damages for underpayment of wages for the three-year FLSA statutory period were approximately $132,000; with liquidated damages, Plaintiff's recovery for his wage claims for this time period could have

reached $264,000.  *Cheeks* Motion at 4.[3]  Though Plaintiff does not specifically reference his NYLL § 195.1 wage notice claim in the *Cheeks* Motion, this claim could potentially have led to recovery of an additional $5,000.  *See* NYLL § 198.16.  Accordingly, had Plaintiff litigated this matter all the way through trial, Plaintiff's maximum potential recovery on his wage-and-hour claims would have been $269,000.  Of course, the Proposed Settlement Agreement would resolve not only Plaintiff's wage-and-hour claims, but also Plaintiff's various discrimination and retaliation claims and his prevailing wage claim.  While the *Cheeks* Motion does not estimate what Plaintiff could have hoped to recover on the non-wage-and-hour claims at trial, the terms of the Proposed Settlement Agreement itself shed some light on how the parties have allocated the potential settlement proceeds.  Paragraph 7(a)(i) of the Proposed Settlement Agreement contemplates a payment of $100,000 to Plaintiff "for alleged back wages, minus all applicable withholdings and deductions, to be reported on a valid IRS Form W2"; meanwhile, Paragraph 7(b)(i) is best understood as the amount being paid to settle Plaintiff's prevailing wage claims, and Paragraphs 7(c)(i), 7(d), and 7(d)(i), all of which contemplate payment for alleged emotional distress damages, are best understood as the amount being paid to settle Plaintiff's discrimination and retaliation claims.  *See* Proposed Settlement Agreement ¶ 7.  Focusing exclusively on the portion of the Proposed Settlement Agreement that is apportioned for alleged back wages, the

---

[3] Plaintiff states, without further explanation that "[t]his unpaid wage total calculated by Plaintiff increases to $324,000, if analyzing the entire NYLL statutory period, plus a like amount in liquidated damages, but only if Plaintiff can establish that violations of the NYLL were willful."  *Cheeks* Motion at 4.  Yet later in the submission, Plaintiff makes clear that "the realistic value of [his] FLSA wage claims" is "substantially below the $264,000 best-case scenario with liquidated damages" because of various "hurdles" to proving his claims.  It therefore stands to reason that Plaintiff's likelihood of success on the older claims that would fall within the NYLL statutory period would be even more remote.  Accordingly, for purposes of this *Cheeks* analysis, the Court will treat $264,000 as Plaintiff's maximum potential recovery for unpaid wages, unpaid overtime, and liquidated damages on those claims.

4

amount payable to Plaintiff—$100,000—constitutes approximately 37 percent of his total alleged wage-and-hour damages, and approximately 76 percent of his total alleged minimum wage and overtime owed.  These percentages of recovery are comfortably in line with (or in excess of) recovery amounts in other FLSA cases in this District where courts have approved settlement terms.  *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range") (collecting cases).[4]

Second, the proposed settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  Though this case has been pending for over five years, the parties still would have had to conduct additional fact discovery, and both sides would likely have retained multiple experts to evaluate Plaintiff's claims, leading to more fees and more costly depositions.  *See Cheeks* Motion at 5.  It is also likely that the parties would have engaged in summary judgment motion practice on various legal issues, followed by a potentially long and complex multi-party trial.  *Id.* at 5-6.

Third, both parties would have faced significant litigation risks if this case had proceeded to trial.  Defendants strongly dispute Plaintiff's damages calculations—they contend that he was not owed any wages at all, or at most was owed an amount far lower than he claimed.  Defendants dispute Plaintiff's alleged explanation for his layoff, vehemently deny Plaintiff's

---

[4] Even if the Court had used the inflated figures for potential wage-and-hour recovery for the entire NYLL statutory period, the recovery of $100,000 would have amounted to approximately 15 percent of Plaintiff's total alleged wage-and-hour damages and 31 percent of his total alleged minimum wage and overtime owed.  These figures also would have been fair and reasonable, particularly in light of the circumstances of this case.

5

allegations of discrimination and harassment, and maintain that Plaintiff failed to mitigate his alleged damages. *Id.* at 5-6. Even if Plaintiff were to prevail at trial, he would still face potential challenges to recovering a significant portion of his damages. The bulk of Plaintiff's alleged damages come from defendants PCT Contracting LLC ("PCT") and Richard Persico ("Persico"). *Id.* at 4. PCT is a defunct entity and Persico may be judgment proof, raising significant questions about Plaintiff's ability to recover from either defendant after a favorable verdict at trial.[5] *See id.* It is well settled that potential difficulty in collecting damages militates in favor of finding a settlement reasonable. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (collecting cases). Further, Plaintiff asserts that he should be able to recover for PCT's alleged wrongdoing from Defendant Riggs Distler & Company, Inc. ("Riggs"), *see Cheeks* Motion at 4, but the burden to show that Riggs is a successor-in-interest to PCT lies with Plaintiff, and there are significant questions as to whether Plaintiff would be able to make the showings required to establish Riggs as a successor-in-interest for FLSA liabilities. *See id.*; *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 93-94 (S.D.N.Y. 2017) (finding no successor liability where the plaintiff failed to show that the successor had notice of the predecessors' alleged FLSA violations). As for Plaintiff's third-party beneficiary claims, there are disputed issues of fact as to whether Plaintiff was even performing prevailing wage work. *See Cheeks* Motion at 5. On the other hand, if this case had proceeded to trial, Defendants would have faced a potentially large verdict on multiple claims, and also would have potentially been liable for Plaintiff's substantial legal fees pursuant to various applicable fee shifting provisions,

---

[5] Pursuant to the terms of the Proposed Settlement Agreement, Persico Realty Corporation, an entity with substantial real estate holdings and in which Defendant Persico is a shareholder, will act as a surety for Persico and PCT and will be jointly and severally liable for PCT's share of the settlement payment. *Cheeks* Motion at 4; Proposed Settlement Agreement ¶ 7(f), 11-13. Absent this settlement, Plaintiff would not be able to recover from Persico Realty.

6

including under the FLSA.  Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

Fourth, the parties participated in multiple settlement conferences with a mediator from the Court's mediation program and with Magistrate Judge Victoria Reznik, and the proposed settlement is the product of those sessions.  The Court is therefore confident that the proposed settlement is the result of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case.  This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur.  The Court is not aware of a history of FLSA non-compliance by any of the Defendants, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The Proposed Settlement Agreement also does not contain any problematic language that would preclude court approval.  There are no confidentiality provisions in the proposed agreement, and although the proposed agreement does include a non-disparagement clause, that provision incorporates the necessary carve-out for truthful statements by Plaintiff about his experience litigating this case.  *See Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016

7

WL 3455383, at *4 (S.D.N.Y. June 20, 2016); Proposed Settlement Agreement ¶ 17.  While the Proposed Settlement Agreement contains broad general release language, the Court finds these provisions acceptable because the releases are mutual, were negotiated by competent counsel, and involve a former employee who has no ongoing relationship with his prior employers.  *See* Proposed Settlement Agreement ¶¶ 1-2; *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015); *Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).

With respect to attorneys' fees and costs, the proposed settlement provides for Plaintiff's counsel to receive $127,493.71 in fees—almost exactly one-third of the total settlement amount net of costs—and $16,518.85 in costs.  *Cheeks* Motion at 7; Proposed Settlement Agreement ¶ 7.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (cleaned up).  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (cleaned up).  Appropriately, Plaintiffs' counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application.  *See Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's counsel spent a total of 803.4 hours on this case. *Cheeks* Motion at 8.  Robert Wisniewski, an attorney with 30 years of experience, spent 654.5 hours at an hourly rate of $550; associates Barbara Luberadzka and Richard Fujimoto

8

spent 142.2 hours and 6.7 hours, respectively, each at an hourly rate of $125.  *Id.*  The proposed attorneys' fees represent approximately 29.4 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case.  *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement.  As a result, the Court does not disturb the calculation of attorneys' fees . . . .").[6]

In addition, Plaintiff's counsel seeks costs of $16,518.85 and has provided invoices receipts, and a declaration documenting these costs, which include expenses for, among other things, legal research, travel, court reporting services, and service of process.  *Cheeks* Motion at 7; ECF Nos. 252-2, 252-3, 259.  Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated.  *See, e.g., Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts.  A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (cleaned up).  The Court finds that the request for costs is reasonable, as the costs are sufficiently substantiated and "of the type commonly reimbursed by courts in this District."  *Id.*

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the Proposed Settlement Agreement as filed at ECF No. 254 is hereby APPROVED.

---

[6] Because the Court finds the requested fees to be reasonable, it will not address whether the rates and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

The Court will separately sign and docket the parties' proposed stipulation of dismissal with prejudice, which is attached as Exhibit A to the Proposed Settlement Agreement.  *See* ECF No. 254 at ECF pgs. 28-31.  The Court notes that the stipulation of dismissal includes a provision whereby the Court will retain jurisdiction to interpret and enforce the settlement agreement, and, if necessary, to enter judgment based on the affidavit for confession of judgment.

The Clerk of Court is respectfully directed to close this case.

Dated: March 28, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge