UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ROOSEVELT VANN JR.,

Plaintiff,

-against-

PCT CONTRACTING, LLC, RIGGS DISTLER & COMPANY, INC., LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LABORERS LOCAL 60, RICHARD PERSICO, CARLOS AFONSO, MICHAEL BASILONE, and JACINTO "JAY" FRAGOSO,

Defendants.
-----------------------------------------------------------x

**DECISION AND ORDER**

20 Civ. 628 (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Currently before the Court is Plaintiff's motion seeking to have the Court (i) enter judgment on behalf of Plaintiff, and against defendants PCT Contracting, LLC and Richard Persico, and non-party Persico Realty Corp. (together, the "PCT Parties"), in accordance with the terms of the Settlement Agreement (ECF No. 254) approved by the Court (ECF No. 260), and the Affidavit for Confession of Judgment ("Confession of Judgment") (ECF No. 263-3) executed by the PCT Parties as part of the Settlement Agreement; (ii) order the PCT Parties to provide an accounting of their assets; and (iii) issue an order of attachment on the assets of the PCT parties. *See* ECF Nos. 262-65. For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 137.

**DISCUSSION**

The Court assumes the parties' familiarity with the factual and procedural history in this action, and discusses that history only as needed to resolve the matters in the instant motion.

**A. Entry of Judgment Is Warranted**

Plaintiff contends that the Court should enter judgment against the PCT Parties in accordance with the Confession of Judgment because the PCT Parties have defaulted on their obligations under the Settlement Agreement. The PCT Parties do not dispute any of the factual averments in Plaintiff's motion, and offer no argument in their opposition papers for why judgment should not be entered against them. Based on the absence of any factual dispute, and on the Court's confirmation that Plaintiff has satisfied all of the conditions required to have judgment entered in his favor, this portion of Plaintiff's motion is GRANTED.

"Judgment by confession is a product of state law, having no analog in the federal rules." *Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 537 (W.D.N.Y. 2017) (quotation marks omitted). "The Federal Rules of Civil Procedure do not contain any specific provisions that govern entry of judgment by confession. Nevertheless, a federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *Id.* at 537-38 (cleaned up) (collecting cases); *accord Camacho v. Barrier Grp. Inc.*, No. 22-cv-1156 (AEK), 2026 WL 205829, at *2 (S.D.N.Y. Jan. 27, 2026).

New York law provides that "'a judgment by confession may be entered . . . either for money due or to become due . . . upon an affidavit executed by the defendant." N.Y. Civil Practice Law and Rules ("C.P.L.R.") § 3218(a); *see Xerox Corp.*, 251 F. Supp. 3d at 538. A defendant's affidavit of confession of judgment must contain certain information. In

circumstances like the ones presented here, it must state "the sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e] the county where the defendant resides . . . ." C.P.L.R. § 3218(a)(1). And where, as here, "the judgment to be confessed is for money due or to become due," the affidavit must state "concisely the facts out of which the debt arose and show[ ] that the sum confessed is justly due or to become due." C.P.L.R. § 3218(a)(2); *accord Camacho*, 2026 WL 205829, at *3.[2]

There is no question that all of the conditions required for the Court to enter a judgment pursuant to the Confession of Judgment have been satisfied. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the PCT Parties have never disputed that the Court has subject matter jurisdiction.

It is also clear that the Confession of Judgment was voluntarily, knowingly, and intelligently made. Mr. Persico signed the Confession of Judgment on behalf of himself and the other PCT Parties as part of the Settlement Agreement, which was extensively negotiated with the assistance of counsel who had been representing one or more of the PCT Parties in this matter since at least May 2021. *See* Minute Entry dated 5/18/2021. In their opposition to the instant motion, the PCT Parties do not dispute that the Confession of Judgment was voluntarily, knowingly, and intelligently made. *See* ECF No. 275.

Finally, the Confession of Judgment includes all of the information required under the C.P.L.R. The document specifies the sum for which judgment may be entered ($192,000, plus interest of nine percent per annum, minus amounts actually paid by the PCT Parties prior to default), *see* Confession of Judgment ¶ 11, authorizes the filing of the Confession of Judgment

---

[2] A third requirement of C.P.L.R. § 3218 pertains to circumstances where "the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability." C.P.L.R. § 3218(a)(3). That provision is inapplicable here.

upon the satisfaction of various conditions, *see id.* ¶¶ 10-12, and states where Defendant Persico resides, *see id.* ¶ 1.[3] In addition, the Confession of Judgment includes a concise statement of the facts out of which the debt arose, and explains how the sum confessed can become due. *See id.* ¶¶ 7-10. Again, Defendants do not dispute that the Confession of Judgment contains all of the information required under the C.P.L.R. *See* ECF No. 275.

The Settlement Agreement sets forth conditions precedent that must occur before Plaintiff may seek entry of judgment based the Settlement Agreement and the Confession of Judgment. *See* Settlement Agreement ¶ 12-13. These conditions also are expressly incorporated in the Confession of Judgment. *See* Confession of Judgment ¶ 9. Plaintiff's counsel's declaration in support of this motion sets forth the facts and circumstances surrounding the PCT Parties' default under the Settlement Agreement, which includes the fact that the PCT Parties made no payments whatsoever pursuant to their obligations under the Settlement Agreement, *see* ECF No. 263; *see also* ECF No. 264 at 1-3, and the PCT Parties "expressly concede to these facts," ECF No. 275 at ECF pg. 3.

Based on the foregoing, Plaintiff is entitled to entry of judgment against the PCT Parties based on the Confession of Judgment in the amount of $192,000, plus interest of nine percent per annum; the judgment will specify that the PCT Parties will be jointly and severally liable for the judgment amount. *See* Confession of Judgment ¶ 12. In addition, an award of post-judgment interest under 28 U.S.C. § 1961(a) is "mandatory." *Singh v. Meadow Hill Mobile Inc.*, No. 20-cv-3853 (CS) (AEK), 2021 WL 3862665, at *14 (S.D.N.Y. Aug. 29, 2021).

[3] Paragraph 1 of the Confession of Judgment provides Mr. Persico's residence address. While that paragraph does not recite that Mt. Vernon, New York (zip code 10550) is located in Westchester County, the Court can take judicial notice of this fact, and the specific address information is sufficient to satisfy the C.P.L.R. requirement to provide the county of residence.

### B. Plaintiff's Request that the Court Order an Accounting of the PCT Parties' Assets Is Premature

As part of his motion, Plaintiff contends that the Court should order the PCT Parties to provide a full accounting of their assets. *See* ECF No. 264 at 8-9. In his reply brief, Plaintiff invokes the broad language of Rule 69(a)(2) of the Federal Rules of Civil Procedure, which governs the discovery available to a judgment creditor "[i]n aid of the judgment or execution." *See* ECF No. 278 at 3-6. The fallacy of this argument is obvious, inasmuch as there was no judgment in place at the time Plaintiff filed the motion, and thus no ability for Plaintiff to pursue any post-judgment discovery. Plaintiff would now have the Court bypass the usual processes of the Federal Rules of Civil Procedure and the C.P.L.R. by compelling discovery from the PCT Parties before they have even been served with any post-judgment discovery demands and had an opportunity to produce responsive materials and/or assert appropriate objections.

Plaintiff is correct that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).[4] But Rule 69(a)(2) permits the judgment creditor to take discovery—it does not provide a mechanism to demand an unspecified "accounting" of all assets, untethered to a demand made via subpoena or other discovery instrument. Indeed, the way in which Rule 69(a)(2) issues are typically litigated in federal court is in connection with a motion to compel further responses to post-judgment subpoenas or discovery demands, or motions to quash from recipients of such subpoenas or demands. *See, e.g.*, *id.* at 203 (reviewing order from district

[4] At the same time, Plaintiff must keep in mind that a judgment creditor may not "embark on a fishing expedition," and "should tailor its requests appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied." *City of Almaty, Kazahkstan v. Ablyazov*, No. 15-cv-05345 (JGK) (KHP), 2025 WL 2258956, at *2 (S.D.N.Y. June 25, 2025), *adopted by* 2025 WL 2256655 (S.D.N.Y. Aug. 6, 2025).

court compelling two non-party banks to comply with subpoenas); *Bank of Am., N.A. v. City View Blinds of N.Y. Inc.*, No. 20-cv-9911 (SLC), 2026 WL 2655468, at *1 (S.D.N.Y. Sept. 9, 2026) (granting in part and denying in part motion to compel responses to post-judgment subpoenas); *Rodriguez v. Inwood Rest. Corp.*, No. 24-cv-09473 (JAV), 2026 WL 1910224, at *1 (S.D.N.Y. July 2, 2026) (granting in part and denying in part motion to compel responses to information subpoenas and subpoenas duces tecum requesting disclosure of financial information, production of records (*e.g.*, bank statements and tax returns), and an appearance at a virtual conference); *Donoghe v. Astro Aerospace Ltd.*, No. 19-cv-7991 (JPO), 2022 WL 17095249, at *2 (S.D.N.Y. Nov. 21, 2022) (granting motion to compel compliance with post-judgment document subpoena); *Rose v. Willoughby*, No. 21-cv-769 (KMK) (AEK), 2025 WL 444904, at *1 (S.D.N.Y. Feb. 10, 2025) (granting motion to compel compliance with information subpoena).

At bottom, Plaintiff's request that the Court order an accounting of the PCT Parties' assets is premature, and is therefore DENIED. The PCT Parties should understand, however, that if Plaintiff serves proper post-judgment discovery process under the Federal Rules of Civil Procedure and the C.P.L.R., they must comply with their discovery obligations, or ultimately risk being held in contempt of court. As part of having retained jurisdiction to enforce the Settlement Agreement, the Court expects that it may receive future applications from Plaintiff with respect to any appropriately tailored post-discovery demands for which there is not a sufficient response.

### C. Plaintiff Has Not Satisfied the Standard for Issuing an Order of Attachment on the PCT Parties' Assets

Plaintiff also seeks an order of attachment on the assets of the PCT Parties pursuant to C.P.L.R. § 6201(3)[5] and Rule 64 of the Federal Rules of Civil Procedure.

Rule 64 "permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits." *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 318 (E.D.N.Y. 2009). "Under New York law, a plaintiff may obtain an order of attachment if it demonstrates that (1) it has stated a claim for a money judgment; (2) it has a probability of success on the merits; (3) the defendant, with the intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered, or secreted property, or removed it from the state or is about to do any of these acts,[6] and (4) the amount demanded from the defendant is greater than the amount of all counterclaims known to plaintiff." *Id.* at 318-19 (cleaned up). "Because attachment is a harsh remedy, these statutory factors must be strictly construed in favor of those against whom attachment is sought." *Id.* at 319 (cleaned up).

There is no question that Plaintiff has stated a claim for a money judgment and that he has a probability of success on the merits (indeed, as set forth above, a judgment is being entered

[5] C.P.L.R. § 6201 is applicable in any action (except a matrimonial action) "where the plaintiff has demanded and *would be entitled* . . . to a money judgment against one or more defendants," provided certain conditions are satisfied. C.P.L.R. § 6201 (emphasis added). It is clear from the text of the provision that this is a pre-judgment tool. Even though the Court, via this Decision and Order, has authorized the entry of judgment, the Court still addresses the application for an order of attachment as presented by Plaintiff, since the request was made pre-judgment.

[6] This is the showing required under C.P.L.R. § 6201(3), which is the only provision of § 6201 invoked by Plaintiff here. C.P.L.R. § 6201 provides other bases to seek an order of attachment, but none are applicable.

on Plaintiff's behalf), and the PCT Parties do not contest that the amount demanded is greater than the amount of any counterclaims (the PCT Parties did not assert any counterclaims). The only issue, therefore, is whether Plaintiff has offered sufficient evidence to show that the PCT Parties have assigned, disposed of, encumbered, or secreted property with the intent to defraud their creditors or frustrate the enforcement of a judgment. Based on the record currently before the Court, he has not done so.

Plaintiff points to a November 2, 2016 transaction whereby PCT Contracting, LLC sold all of its assets to Defendant Riggs Distler & Company, Inc., for $33 million. *See* ECF No. 264 at 7; ECF No. 274 ¶ 5. From Plaintiff's perspective, the "rapid and unaccounted-for-disappearance or dissipation of $33 million, transitioning the company from a significant sale recipient to one struggling to meet a court-approved settlement obligation, creates a compelling inference that the PCT Parties secreted or disposed of assets with the intention to frustrate collection." ECF No. 264 at 7. But this corporate transaction was finalized more than three years before Plaintiff, then proceeding *pro se*, filed this lawsuit, and more than *eight* years before the PCT Parties entered into the Settlement Agreement to resolve Plaintiff's claims against them. The PCT Parties have represented that PCT Contracting, LLC "used the proceeds from the [s]ale first to pay off outstanding taxes owed and debts to creditors," and that the remaining proceeds were then distributed. ECF No. 274 ¶ 7. This is both believable and unremarkable, even if it does not provide a detailed picture of what became of the sale proceeds. At this point, Plaintiff has no basis—other than rank speculation—to suggest that the PCT Parties' decisions as to how to distribute the proceeds of the November 2016 transaction had anything to do with any

potential claims involving Plaintiff or any other potential creditor.[7] To obtain an order of attachment, a plaintiff needs to make a far more robust showing than this—"fraudulent intent must be proven, not simply alleged or inferred," and "the moving papers must contain evidentiary facts as opposed to conclusions proving the fraud. Affidavits containing allegations raising a mere suspicion of an intent to defraud are insufficient." *Encore Credit Corp. v. LaMattina*, No. 05-cv-5442 (CPS), 2006 WL 148909, at *3 (E.D.N.Y. Jan. 18, 2006); *accord Strategic Growth Int'l, Inc. v. RemoteMDx, Inc.*, No. 06-cv-3915 (RWS), 2008 WL 4179235, at *8 (S.D.N.Y. Sept. 10, 2008); *Shenzhen Qianhai Shengshi Lijin Inv. Enter. (Ltd. P'ship) v. Xu*, 251 A.D.3d 756, 764 (N.Y. App. Div. 2026) (2d Dep't) (rejecting request for order of attachment because plaintiff, through its attorney's affirmation, "did no more than allege [defendant's] mere removal or other disposition of property, which is insufficient for an order of attachment pursuant to CPLR § 6201(3)"). Ultimately, Plaintiff has not come close to meeting his burden for an order of attachment of the PCT Parties' assets, and this aspect of his motion is also DENIED.

## CONCLUSION

For the reasons set forth above, the Court confirms that the PCT Parties have defaulted on their obligations under the Settlement Agreement, and that Plaintiff has satisfied all conditions for the entry of judgment against the PCT Parties in accordance with the Confession of Judgment. Accordingly, the portion of Plaintiff's motion that seeks to enforce the Settlement Agreement and to have judgment entered against the PCT Parties (ECF No. 262) is GRANTED. A judgment in favor of Plaintiff and against the PCT Parties will be docketed separately.

---

[7] It is noteworthy that even Plaintiff's counsel refers to his only argument in support of attachment as giving rise to an "inference" of misconduct. ECF No. 264 at 7; ECF No. 263 ¶ 19(c). This is a clear admission that counsel has no direct evidence of impropriety.

And for the reasons set forth above, the portion of Plaintiff's motion that seeks to require the PCT Parties to provide an accounting of their assets, and the portion of the motion that seeks an order of attachment on the assets of the PCT Parties, are both DENIED.

The Clerk of Court is respectfully directed to mark the motion at ECF No. 262 as GRANTED IN PART AND DENIED IN PART, and to terminate the gavel associated with the motion.

Dated: September 29, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge